IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BRAUN, | ) | CASE NO. 1:11CV886 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KATHLEEN |
| | ) | B. BURKE |
| DONALD MORGAN, Warden, | ) | |
| Southern Ohio Correctional Facility, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | (Doc. No. 29) |

This matter is before the Court on Petitioner Jeffrey Braun's ("Braun") motion captioned "Motion for Continuance to File Plaintiff's Traverse." Doc. 29. Currently, Braun's Traverse is due on April 23, 2012. Doc. 24. Braun seeks a 30-day extension of time to file his Traverse. For the following reasons, Braun's motion is GRANTED IN PART and DENIED IN PART.

The instant motion is Braun's fourth request for addition time to file his Traverse. Respondent filed his Answer/Return of Writ on October 24, 2011. Doc. 12. Pursuant to the original scheduling order in this case, Braun's Traverse was due on November 23, 2011. Doc. 8. On November 18, Braun filed a motion for extension of time, in which he requested 60 additional days to file his Traverse. Doc. 18. The Court granted this motion on November 21, 2011, making Braun's Traverse due on January 23, 2012. *See* Marginal Entry dated 11/21/2011.

On January 9, 2012, Braun filed a second motion for extension of time, in which he requested 90 additional days to file his Traverse. Doc. 15. The Court granted this motion, in part, and granted Braun a 60-day extension to file his Traverse, making it due on March 23, 2011. Doc. 17.

On February 21, 2012, Braun filed a third motion for extension of time, in which he sought 30 additional days to file his Traverse. Doc. 22. As cause for that motion, Braun stated that he was unable to view 4 CD-ROMs "that are part of the evidence used in this case." Doc. 22, p. 2. Braun further stated that "the institution was told by the Attorney General's office to send them the CD-

1

ROMs so that they could have them transcribed for Braun." Doc. 22, p. 2. Based on these representations, the Court granted Braun's third motion for extension of time, making his Traverse due on April 23, 2012. *See* Marginal Entry dated 2/22/2012.

Braun filed the instant motion for extension of time, which is his fourth motion for extension, on April 6, 2012, seeking an additional 30-day extension of time to file his Traverse. Doc. 29. In support of this request, Braun complains that the Attorney General has not yet transcribed the 4 CD-ROMs or returned the CD-ROMs to Braun. Doc. 29, p. 2. In addition to the request for extension of time, Braun also moves the Court to order Respondent to transcribe the CD-ROMS. Doc. 29, p. 2.

Respondent opposes Braun's motion. Doc. 30. Respondent acknowledges that the Attorney General's office received the CD-ROMs from Braun. Doc. 30, p. 1. However, Respondent asserts that the CD-ROMs were not provided by the Attorney General's office to Braun in connection with this habeas action. Doc. 30, p. 4. In fact, Respondent asserts that the Attorney General's office does not know where Braun obtained the CD-ROMs or what is contained on the disks. Doc. 30, pp. 4-5. Because the CD-ROMs in question did not originate from the Attorney General's office and were not provided to Braun as part of the instant case, the Attorney General's office did not transcribe the contents of the CD-ROMs and instead simply returned the CD-ROMs to Braun. Doc. 30, p.5.

Upon review, it appears that Braun is simply attempting to have Respondent pay for the transcription of the CD-ROMs. However, it is unclear what information is actually contained on the CD-ROMs or if that information is relevant to the instant case. To the extent that the information contained on the CD-ROMs is part of the original record and exhibits, such information would be part of the state court transcript. The Court has previously denied Braun's Motion for a Complete Copy of Transcripts and Exhibits. Doc. 11. As explained in that Order:

> The Constitution does not require that an indigent defendant be provided a free transcript for use in attacking his conviction collaterally if a transcript was available on direct appeal. *See United States v. MacCollom*, 426 U.S. 317, 325– 326, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). In other words, an indigent defendant

>does not have a right to more than one free transcript. *Smith v. Wilson*, 2008 WL
>4279884 * 1-3 (N.D. Ohio, Sep. 15, 2008) (because plaintiff already had received
>the transcript required by due process, his motion for transcripts was denied to the
>extent that it asked for additional transcripts).

Doc. 11, p. 1. For the same reasons, Braun's request for the Court to compel the Respondent to transcribe the CD-ROMS is DENIED.

Further, to the extent that the CD-ROMs contain documents that were not part of the state court record, this information cannot now be considered on habeas review. *Cullen v. Pinholster,* \_\_\_U.S.\_\_\_, 131 S.Ct. 1388, 1398–1401, 179 L.Ed.2d 557 (2011). Indeed, as explained in detail in the Court's Order denying Braun's motion for discovery and motion for evidentiary hearing (Doc. 28), the Court is precluded from considering new evidence when reviewing a petition under 28 U.S.C. § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings. Doc. 28. For this additional reason, Braun's request to compel Respondent to transcribe the CD-ROMs is DENIED.

Turning to Braun's request for an extension of time, the Court notes that Braun has already been granted an additional 150 days to file his Traverse. The Court is inclined to flatly deny the instant motion, as it appears that Braun is simply trying to delay this matter. However, in light of the date on which the Traverse is currently due and delays in the prison mail system, the Court will grant Braun an additional 14 days, or until May 7, 2012, to file his Traverse. **NO FURTHER EXTENSIONS WILL BE GRANTED**. Failure to meet this May 7, 2012, filing date may result in a recommendation that the instant petition for writ of habeas corpus be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: April 12, 2012

Kathleen B. Burke
United States Magistrate Judge

3