UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY R. BRAUN, | ) | CASE NO. 1:11 CV 00886 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | MAGISTRATE'S REPORT AND |
| | ) | RECOMMENDATION |
| DONALD MORGAN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. The Report and Recommendation, issued on December 13, 2013, is hereby ADOPTED by this Court. Petitioner Braun filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Citing a number of alleged Fifth and Sixth Amendment violations, he challenges the constitutionality of his judgment of conviction.

Petitioner Braun timely filed objections to the Magistrate Judge's Report and Recommendation on January 17, 2014, following a 30-day extension agreed to by this Court. (ECF #60). The Court has since reviewed Magistrate Judge Burke's Report *de novo*, and finds it to be thorough and well-written. FED. R. CIV. P. 72(b). The Court also finds that Petitioner Braun's objections – while extensive – raise no arguments (factual or legal) that have not already been comprehensively addressed by the Magistrate's Report. Without exception, the Court finds the

Magistrate's treatment of Petitioner's arguments to be correct and fair. The Court therefore adopts the Report *in toto*, and does so over Petitioner's objections.

Petitioner Braun here challenges the constitutionality of his conviction and sentence in *State of Ohio v. Jeffrey Braun*[1]. In that case, Braun was indicted for the murder of one John Chappell. Following a jury trial, he was convicted on charges of aggravated murder with the capital specification that the murder was committed in the course of an aggravated robbery with firearm specifications; aggravated robbery with firearm specifications; tampering with evidence; and having a weapon while under a disability. On February 12, 2008, the trial court sentenced Braun to life imprisonment without the possibility of parole.

A lengthy appellate process unfolded in the state courts. When the dust settled, on February 10, 2010, the Ohio Supreme Court declined to hear Braun's case and dismissed the appeal as not involving any substantial constitutional question. (ECF #58). On May 4, 2011, Braun filed the instant Petition for Writ of Habeas Corpus with the Court. (ECF #1). In his Petition, Braun sets forth six alternate grounds for relief. They are:[2]

 I. That the State improperly and unconstitutionally withheld exculpatory and/or impeachment evidence from Braun in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), and the Due Process Clause of the Fifth Amendment;

 II. That his constitutional right to a fair trial under the Due Process Clause was violated;

 III. That he was provided ineffective assistance of counsel at trial, in violation of the Sixth Amendment;

---

[1] Cuyahoga County (Ohio) Court of Common Pleas, Case No. 2007 CR 496324

[2] Petitioner enumerates five such grounds, but also makes a general constitutional error claim. This Order will refer to that claim as Petitioner's sixth.

IV.    That the trial court violated his constitutional right to confrontation under the Sixth Amendment;

V.    That the verdict in trial court was not supported by sufficient evidence; and

VI.    That he is entitled to relief arising from constitutional errors in his post-conviction proceedings.

(ECF #47). As Magistrate Judge Burke cogently outlines in her Report, all of Petitioner's arguments are unavailing. The Court acknowledges the Magistrate's detailed recitation of the factual background in Petitioner's case, and will address Petitioner's legal arguments in turn below.

First, Petitioner avers that the State improperly and unconstitutionally withheld evidence from him in violation of its obligations under *Brady* and the Due Process Clause of the Fifth Amendment. Specifically, he asserts that the State withheld statements from acquaintances indicating that another man (John Shear) had killed victim John Chappell; and that impeachment evidence relating to the jailhouse journals of one Matthew Stedman had not been disclosed to the defense.

As the United States Supreme Court articulated in *Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936 (1999), a *Brady* violation occurs if three elements are met. Petitioner must establish that: (1) the evidence was favorable to him; (2) that it was suppressed – whether intentionally or not – by the government; and (3) that prejudice ensued. *Id.* at 281-82. With regard to the second and third elements, suppression and prejudice respectively, Petitioner Braun has plainly not met his burden. The statements that Braun alleges were suppressed were taken in 2005 and 2006, and were in fact provided to the defense well in advance of trial, on or about August 27, 2007. The Eighth District Court of Appeals (Ohio) correctly determined that there was thus no *Brady* violation.

Relating to the third element, that of prejudice, Braun argues that the combined effect of the State's suppression of the acquaintances' statements impacted the outcome of his trial. (ECF #47). He is mistaken. As the Sixth Circuit Court of Appeals has provided, the prejudice (or materiality)

element of a *Brady* violation is established "if there is a reasonable probability of a different outcome of the trial had the *Brady* material been available." *See Jamison v. Collins*, 291 F.3d 380, 385 (6th Cir. 2002). Guidance from the Supreme Court indicates that, to determine reasonable probability, the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but "whether in its absence he received a fair trial [...] understood as a trial resulting in a verdict worthy of confidence." *See Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555 (1995). Here, the statements from Braun's acquaintances were merely cumulative to the evidence presented at his trial and, as such, not material for the purposes of a *Brady* analysis. It cannot be said, therefore, that there is any reasonable probability of a different outcome at trial had the statements come into evidence. Petitioner Braun's argument must necessarily fail.

Turning to Braun's allegations relating to the Stedman jailhouse journals, the Court notes that he has procedurally defaulted on this particular claim for relief. Braun contends that he presented this part of his *Brady* claim to the state Court of Appeals in his First Assignment of Error, but a review of the record reveals that the claim was asserted with regard to the State's not timely disclosing "information concerning [] key prosecution witness [Stedman's] extensive international history of impersonation and skilled deception." (ECF #12-1). Braun's First Assignment of Error did not feature any discussion at all relating to Stedman's jailhouse journals. In the Third Assignment of Error of that same brief, Braun mentioned the disclosure of Stedman's journals but framed his claim as a violation of Rule 16 of the Ohio Rules of Criminal Procedure, which governs discovery in criminal actions. *Id.* He did not cite *Brady* or make any arguments pursuant to *Brady*. Consequently, the Court of Appeals did not consider this particular claim under *Brady*. To fairly present such a claim, it is axiomatic that a petitioner "must present his claim to the state courts as

a federal constitutional issue – not merely as an issue arising under state law." *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). As Braun had presented the claim relating to Stedman's journals as merely an issue arising under state law, he plainly failed to exhaust that particular claim. Since his direct appeal has concluded, Braun would be barred by *res judicata* from attempting to assert an unexhausted claim in another state proceeding. The Sixth Circuit has consistently held that *res judicata* is an adequate and independent ground establishing procedural default. *See, e.g., Carter v. Mitchell*, 443 F.3d 517 (6th Cir. 2006); *Jacobs v. Mohr*, 265 F.3d 407 (6th Cir. 2001). As such, under the Sixth Circuit's decision in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), Petitioner Braun's claim is procedurally defaulted unless he can show cause for the default and actual prejudice. He has not done so here, and so the procedural default must stand.

Braun next asserts that his constitutional right to a fair trial under the Due Process Clause was violated. He makes a number of claims about the State acting improperly, but the vast majority of those have been procedurally defaulted. As above, Braun had presented these claims to the state courts as violations of state law, and not as claims of federal constitutional dimension. Accordingly, they must fail. The remainder of his fair trial claims are without merit, for the reasons properly outlined in the Magistrate's Report. The Court thus adopts the Magistrate's compelling analysis for present purposes.

Braun then contends that his trial counsel was constitutionally ineffective in several respects. Magistrate Judge Burke concluded that Petitioner's claims were either procedurally defaulted or simply without merit. Following a thorough review of the relevant facts and governing law, the Court finds the Magistrate's handling of Petitioner's ineffective assistance claim to be well-grounded, and adopts the Magistrate's persuasive analysis here.

Braun also contends that the trial court violated his rights under the Confrontation Clause of the Sixth Amendment. Again, Petitioner's claims were either procedurally defaulted or without merit. This Court need not recite the reasons for Petitioner's default, given the extensive ink already devoted to that issue in this Order as well as in the Magistrate's Report.

Braun next asserts that his conviction was not supported by sufficient evidence, and that the state appellate courts unreasonably applied the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). Braun presented his sufficiency of the evidence claim on direct appeal to the state Court of Appeals, in his Thirteenth Assignment of Error, and again in his Eleventh Proposition of Law before the state Supreme Court. (ECF #12-1). On federal habeas review, a state court's determination regarding a sufficiency of the evidence claim is entitled to a "double layer" of deference. *See Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

The first layer of deference goes to the fact-finder; and the second to the reviewing court as required by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA). As the Sixth Circuit explained in *Brown v. Konteh*, 567 F.3d 191 (6th Cir. 2009), deference is due to the jury's finding of guilt because the *Jackson* standard is whether "[when] viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Konteh*, 567 F.3d at 205. This standard properly respects the trier of fact's responsibility to "fairly [] resolve conflicts in the testimony, [] weigh the evidence, and [] draw reasonable inferences from the basic facts to the ultimate facts." *Jackson*, 443 U.S. at 319.

The second layer of deference goes to the reviewing court. Even if the federal habeas court believes that a rational trier of fact could not have found guilt beyond a reasonable doubt, the Court

"must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205; *see also White v. Steele*, 602 F.3d 707 (6th Cir. 2009). Given that standard, a writ of habeas corpus may only issue for insufficient evidence if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States"; or was based on "an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." *See* 28 U.S.C. §§ 2254(d)(1)-(2). Upon review of the record below, this Court finds that the Ohio appellate courts reasonably applied the relevant standards. Because Petitioner Braun has failed to – in his case – demonstrate that any appellate court rendered any decision contrary to clearly established federal law, or that was based on an unreasonable determination of the facts, his arguments are unavailing.

Braun's sixth and final claim, that his right to due process of law was violated during post-conviction proceedings relative to his motion for new trial, is procedurally defaulted and this Court need not address its merits.

Magistrate Judge Burke recommended in her well-reasoned Report that Jeffrey R. Braun's Petition for Writ of Habeas Corpus be denied. In light of the foregoing, the Court sees no reason to disagree with that recommendation. Braun's Petition is therefore DENIED. Further, for the reasons stated in this Order and in the Magistrate's Report, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _February 25, 2014_